# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Wayne Hamilton,<br>Petitioner,<br>v.<br>United States of America,<br>Respondent. | No. CV-23-00713-PHX-JJT (JFM)<br>**ORDER** |

Petitioner Anthony Wayne Hamilton has pending before this Court an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). At issue is that Motion and the Report and Recommendation (Doc. 19, "R&R") entered by United States Magistrate Judge James F. Metcalf recommending that the Court dismiss with prejudice, as procedurally defaulted, Ground One of the Motion and deny on their merits Grounds Two and Three. In the R&R entered May 3, 2024, Judge Metcalf warned the parties they had 14 days from service of the R&R to file any specific written objections to any part of the R&R, and "failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the magistrate judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir, 2007)." (R&R at 21-22.) Petitioner Hamilton did not file any objections within fourteen days of service of the

1  R&R nor in the subsequent six months since that deadline elapsed. The Court is entitled
2  therefore to adopt the R&R without further *de novo* consideration of the issues. It
3  nonetheless elects to evaluate those issues on their merits in light of the seriousness of their
4  consequences. Upon such evaluation, the Court concludes Judge Metcalf's analysis and
5  conclusions are all supported by the applicable law.

6  Petitioner's double jeopardy claim in Ground One of his Amended Petition is
7  procedurally defaulted as Petitioner did not raise it in his direct appeal, but rather raises it
8  for the first time in post-conviction proceedings. *Bousley v. United States* , 523 U.S., 614,
9  621 (1998), dictates this conclusion. Had the Court in any event reached the claim on its
10 underlying merits, the Court would have found it failed, because Petitioner was not
11 subjected to double jeopardy in the prosecution of the charges on which he went to trial.
12 And as Judge Metcalf exhaustively and clearly reasoned in the R&R (Doc. 19 at 7-9),
13 Petitioner is unable to show either cause for his failure to raise this issue on direct appeal,
14 nor prejudice–because, as stated, the argument would fail on the merits in any event.
15 Finally, Petitioner makes no showing of actual, factual innocence as required by *Schlup v.*
16 *Delo*, 513 U.S. 298, 327 (1995).

17 Petitioner's Ground Two fails on its merits. As the R&R correctly reasoned,
18 Petitioner was convicted of the completed form of Hobbs Act Robbery, not attempt or
19 conspiracy. The record makes clear that the jury instructions so provided. And completed
20 Hobbs Act Robbery is unequivocally a crime of violence for purposes of evaluating a
21 charge under 18 U.S.C. § 924(c). The Ninth Circuit spoke to this in Petitioner's direct
22 appeal and it is the law and mandate of the case, which Petitioner cannot again challenge.
23 Moreover, for the reasons detailed in the R&R at pages 13-17, Hobbs Act Robbery is
24 divisible, and upon conducting the modified categorical analysis, the Court concludes the
25 jury convicted Petitioner of the completed version, which again is a crime of violence. The
26 Court must deny relief based on Ground Two.

27 Finally, Petitioner's ineffective assistance claim in Ground Three also fails on its
28 merits, as there is no showing of deficient performance on the part of trial counsel. The

argument Petitioner urges here—that if properly advised, he could have argued an intervening arrest had to occur between each of the eleven robberies for which he was convicted before separate sentences were legally justified for each of his firearms conviction counts—is simply wrong as a matter of law. *See* 18 U.S.C. § 924(c); 18 U.S.C. § 1951. Petitioner's argument is therefore futile, and as Judge Metcalf pointed out, *per Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996), "the failure to take futile action can never be deficient performance."

**IT IS THEREFORE ORDERED** adopting in whole the R&R (Doc. 19) in this matter, including its reasoning.

**IT IS FURTHER ORDERED** dismissing with prejudice Ground One of the Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 4) as procedurally defaulted without cause or excuse, and denying Grounds Two and Three of the Motion on their merits.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability, as jurists of reason would not find it debatable whether the procedural ruling is correct as to Ground One; or whether the Court's assessment of the constitutional claims in Grounds Two and Three were debatable or wrong.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 26th day of November, 2024.

Honorable John J. Tuchi
United States District Judge